IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 20-104 |
| | ) |
| TAMARA CARTER | ) |

### Opinion and Order on Motion to Sever

Presently before the Court is Tamara Carter's Motion to Sever Defendants Pursuant to Rule 14, in which she seeks to have her case severed from her co-defendant's case, Paris Carter. ECF No. 118.  The Government has filed a Response opposing severance, to which Ms. Carter has filed a Reply.  ECF Nos. 127 & 132.  For the reasons explained below, the Motion will be denied.[1]

On June 3, 2000, the Grand Jury returned a two-count Indictment charging Paris Carter with Conspiracy to Possess with Intent to Distribute 400 grams or more of fentanyl and 100 grams or more of acetyl fentanyl, in violation of 21 U.S.C. § 846 (Count 1) and charging Paris Carter and Tamara Carter with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h) (Count 2).  ECF No. 8.

During discovery the government produced Paris Carter's social media posts, which show, in part, Mr. Carter with firearms and using expensive products.  In Ms. Carter's Motion, she specifically describes the social media posts as depicting Mr. Carter "shooting firearms, dining at a Las Vegas hotel, driving and riding in luxury vehicles, and wearing diamond jewelry." Mot. to Sever at ¶ 4.  In the government's response, the social media posts are described, in part, as depicting Mr. Carter wearing luxury clothes and jewels, flaunting stacks of cash, and with, or in, two Bentleys and a Mercedes.  Govt Resp. at 2-3, 7.  The government

---

[1] The Court determines that there is no need for a hearing on the Motion to Sever.

asserts that the two Bentleys and the Mercedes are the luxury vehicles generically stated in the Manner and Means portion of the Indictment for Count Two and which are specifically identified in the Forfeiture Allegations.  Indict. ECF No. 8.  Ms. Carter states that there is no evidence she ever saw Partis Carter's social media posts.  She argues that such posts are not relevant and admissible as to Count Two charged against her, and that the introduction of the social media posts during a joint trial would be prejudicial to her.  Therefore, she argues that severing her trial from Mr. Carter's is warranted.

"Motions to sever are governed by Federal Rule of Criminal Procedure 14, which permits the trial court to grant a defendant's motion for severance if it appears that the defendant will be prejudiced by a joint trial with other defendants." United States v. Console, 13 F.3d 641, 655 (3d Cir. 1993).  Federal Rule of Criminal Procedure 14(a) states:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). "The Rule places the burden of showing prejudice from the joinder on the defendant seeking severance." United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991). Defendants seeking severance must show that "the denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial." United States v. Lore, 430 F.3d 190, 205 (3d Cir. 2005) (quotations and citation omitted).  Motions for severance are "in tension with 'the fundamental principle that the federal system prefers joint trials of defendants who are indicted together because joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" Lore, 430 F.3d at 204–05 (quoting Zafiro v. United States, 506 U.S. 534, 537 (1993) (other citations and internal quotation marks

omitted)).  A decision on a motion for severance "rest[s] in the sound discretion of the trial judge."  United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981).

Ms. Carter's argument in favor of severance essentially rests on her characterization of Mr. Carter's social media posts as prejudicial and not relevant and admissible as to Count Two. It is not uncommon in a multiple defendant case that the government produces evidence against a codefendant that is more damaging (against that codefendant) than evidence against the defendant seeking severance.  Such, however, does not warrant severance.  United States v. Abrams, 759 F.2d 1099, 1112 (3d Cir. 1985) ("defendant is not entitled to severance merely because the evidence against a co-defendant is more damaging than that against him") (citations and quotations omitted).  Moreover, at least some of the social media posts do appear to be relevant to the money laundering count.  Specifically, Mr. Carter is shown with several of the expensive cars that Ms. Carter is alleged to have assisted Mr. Carter in obtaining, in part, by leasing the vehicles in her name.  The Court concludes that the argument presented by Ms. Carter for severance does not meet the heavy burden to show that "denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial."  Lore, 430 F.3d at 205. Additionally, the Court notes that preparing for and going to trial on the same indictment at two different times does not promote efficiency.  Two jury pools must be called, two juries must be selected, and there will no doubt be duplication of evidence and witnesses.  The Court is also mindful that the public has an interest in a speedy trial.  The Speedy Trial Act "serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice." Bloate v. United States, 559 U.S. 196, 211 (2010).

Accordingly, this 4th day of October 2022, Tamara Carter's Motion to Sever Defendants Pursuant to Rule 14 (ECF No. 118) is DENIED.

                                                                                                   s/*Marilyn J. Horan*
                                                                                                   Marilyn J. Horan
                                                                                                   United States District Court Judge